UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH LYNN HALLIDAY,

      Petitioner,

v.                                    CASE NO. 6:19-cv-1296-Orl-40EJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et. al.,

      Respondents.
_____/

<u>RESPONSE TO PETITION</u>

COME NOW the Respondents, by and through the undersigned Assistant Attorney General, pursuant to this Court's order (Doc No. 7) and file this response to the petition, stating as follows:

<u>JUDICIAL CONFLICT STATEMENT</u>

No U.S. District Judge or Magistrate was involved in any of Petitioner's state court proceedings.

<u>PROCEDURAL AND FACTUAL STATEMENT</u>

Petitioner ("Halliday") was charged with and convicted of sexual battery upon a person younger than 12 years of age, lewd or lascivious molestation of a person younger than 12, and distributing obscene material to a minor. (B 87-88, 702-703) The facts adduced at trial included the testimony of the seven year old (at the time of the trial) victim (B 124) who stated that her father, the Appellant, had her "suck his pee pee" while he played a video on his computer depicting a girl "sticking her tongue" on a man. (B 127, 130-131) She was four years old at the time. (B

139)  She testified that "[w]hite stuff" came out of his pee pee and would end up on the floor.  (B 131-132)

The victim's mother testified that one evening, while she and the victim were watching a particular scene of Sponge Bob on television, the victim stated that her father had seen her naked. She further explained that the child then said that Appellant had seen her naked "when he made me lick his pee pee until white stuff came out."  (B 185)  The mother did not press the issue any further but after discussing the matter throughout the evening with her boyfriend she called DCF in the early morning hours.  (B 187-188) The video of the CPT interview was published to the jury.  (B 266-335)

A motion for judgment of acquittal was made arguing that the victim did not identify Appellant in the courtroom and that the victim denied that her father touched her pee pee.  (B 483)  The defense acknowledged that the victim's testimony at trial was contradicted by the CPT interview where the victim stated that Appellant licked her pee pee.  (Id.)  The State argued that even if the child denied that she was "touched" by Appellant, it did not exclude the evidence given at the CPT interview that she was "licked" by him – and that would still support of finding of lewd or lascivious molestation.  (B 488-489)  The trial court further found that the child's drawings during the CPT interview, along with the other evidence, clearly created a jury question regarding

2

whether the incident occurred.  (B 484-485, 489-490)  Appellant was convicted as charged and an appeal was filed, raising three grounds:  (1) the denial of the motion for judgment of acquittal, (2) that it was error to admit the child hearsay evidence, and (3) ineffectiveness of counsel for failing to request redaction of the child hearsay as to Count 2.  (Exhibit C)

The State responded (Exhibit D), a Reply brief was filed, and the appellate court issued an opinion reversing the conviction for Count 2, lewd and lascivious conduct, but affirming the remaining convictions.  (Exhibits E, F)  Halliday then ultimately filed a Second Amended Florida Rule of Criminal Procedure 3.850 motion for postconviction relief raising two grounds of ineffectiveness of counsel:  (1) failure to exclude child hearsay statements and (2) failure to produce evidence that "coaching" of the child witness had occurred.  (G 80)  The trial court summarily denied the motion finding as to Ground 1 that the issue was successfully raised on direct appeal and in Ground 2 that the purported evidence would be inadmissible and irrelevant. (G 91)  On appeal, the summary denial was affirmed without a response by the State.  (Exhibits H, I)

Halliday has now filed the pending federal habeas petition, raising two grounds of ineffectiveness of counsel:

(1) failure to move for a new child hearsay evidentiary hearing, and

(2) that the trial court erred in failing to develop and present evidence of the mother's "coaching" of the child victim.

## ONE-YEAR TIME LIMITATION

Halliday has timely filed his federal habeas petition within the grace period provided in the AEDPA.

## EXHAUSTION/PROCEDURAL BAR

Halliday's second ground was presented and ruled upon in the trial court. The basis for Ground 1 was raised on direct appeal – however, the ineffectiveness of counsel claim relating to that claim, raised in the 3.850 motion, was found procedurally barred. (G 93) The bar stemmed from the fact that the underlying issue for which ineffectiveness was claimed had been raised on direct appeal. Pursuant to Florida law as cited by the trial court, the same issue cannot be relitigated under the "guise" of ineffectiveness. (Id.) Moreover, Halliday was successful on the direct appeal and the conviction for Count 2 was vacated.

This Court may not review claims that were not properly raised in state courts. A petition for writ of *habeas corpus* should not be entertained unless the petitioner has first exhausted his state remedies. Rose v. Lundy, 455 U.S. 509 (1982). Federal courts cannot hear habeas petitions containing both exhausted and unexhausted claims. Rose at 510; Ali v. Florida, 777 F.2d 1489 (11th Cir. 1985) (entire *pro se* petition dismissed when two claims not exhausted and State asserts failure to exhaust). A habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not

4

evaluated previously.  <u>Footman v. Singletary</u>, 978 F.2d 1207, 1211 (11th Cir. 1992).  The State does not waive the exhaustion requirement.  Additionally, Federal Courts must dismiss those claims that are not exhausted but would clearly be barred if returned to state court.  <u>Harris v. Reed</u>, 489 U.S. 255 (1989).  Any further filing in State court would be successive.  Halliday has not shown cause for the procedural default in State Court.

<u>EVIDENTIARY HEARING</u>

Halliday was not awarded an evidentiary hearing on the claims presented in this petition.  The complete record in this case is more than sufficiently clear for this Court to resolve the remaining claims on the basis of said record without further evidentiary development.  <u>Diaz v. U.S.</u>, 930 F.2d at 834 (S.D. Fla 1991).

<u>ARGUMENT ON THE MERITS</u>

Without abandoning the above procedural default argument, the State will discuss the merits of the petition:

<u>Ground 1</u> -- that the trial court erred in admitting child hearsay evidence -- is purely a matter of state law.  The child hearsay exception is found in §90.803(23), Florida Statutes.  In this case, the trial court made the requisite findings on the record pursuant to the child hearsay provision.  After a lengthy hearing, the trial court found that the child's testimony was reliable, it was confirmed by the CPT interview, and the child

5

"consistently said she knew the difference between ... [a] truth and a lie..." (A 160-164)  The child was available to testify during trial and she in fact did testify, subjecting herself to cross-examination.  In fact, the detail of the CPT interview regarding the lewd or lascivious count appears much more reliable than the child's testimony at trial.  (A 81-86)  The jury clearly found the CPT interview credible.

Nevertheless, Florida law provides that questions regarding the reliability of statements are solely within the discretion of the trial court.  A reviewing court can neither reweigh the evidence nor disturb such a finding on appeal absent a clear showing of abuse.  Perry v. State, 593 So.2d 620 (Fla. 2d DCA 1992).

Moreover, federal courts generally do not review a state trial court's admission of evidence.  McCoy v. Newsome, 953 F.2d 1252, 1265 (11th Cir.), cert. denied, 112 S.Ct. 2283 (1992).  It is beyond the province of Federal courts to review whether the admission of evidence in a state criminal trial conformed with state law requirements.  Futch v. Dugger, 874 F.2d 1483, 1487 (11th Cir. 1989);  Estelle v. McGuire, 502 U.S. 62, 68-69 (1991). Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial. Id.  Because Halliday received a full and fair hearing and trial on this point and because the appellate court followed state law in

deciding that the statements were admissible, (even though one count was later reversed) there is no basis for federal habeas relief.  The fact remains that most sexual battery and abuse cases contain some form of child hearsay evidence.  Accordingly, Halliday was not denied a fair trial where the child hearsay evidence was properly admitted pursuant to state law.  And there can be no prejudice where the conviction on the lewd or lascivious charge that was the subject of the recantation was vacated.  The CPT interview was relevant to the other charges and admissible.

Lastly, it is important to note that the admission of the CPT interview was part of the strategy of the defense; counsel "backed off" in impeaching the victim because he anticipated the admission of conflicting statements as to both Counts 1 and 2 in the CPT interview, and as a result was able to characterize the entire video as having an "agenda."  (B 150, 624-627)

Ground 2 – that counsel was ineffective for failing to discover and present evidence of the mother's "coaching" of the child victim – was denied by the trial court as refuted by the record.  (G 93)  The trial court attached portions of the trial transcript which showed that defense counsel proffered testimony from the mother concerning ongoing custody issues.  (G 163-181)  However, there has never been any testimony or proof that the mother "coached" the child as to what to say during the CPT interview.  This claim is unsupported by any evidence.

The trial court found that any other allegations, such as the claim that the mother slandered Halliday and falsely accused him of abuse and lied about her sexual history, pregnancy status, paternity of another child and committed identity theft, were irrelevant and therefore inadmissible.  (G 87, 93-94)

As noted in the previous ground, it is a general rule that a state trial court's determination that evidence would be irrelevant or inadmissible is not subject to review in this Court.  This State finding was raised on appeal and the ruling was affirmed.  See Gutierrez v. State, 860 So.2d 1043, 1045 (Fla. 5 DCA 2003) (holding that counsel's failure to investigate did not constitute deficient performance that prejudiced defendant, as required to support claim of ineffective assistance of counsel, in that evidence would have been inadmissible to negate intent.)  See also Jones v. Sec'y, Dept. of Corr., 2009 WL 536525, at 5 (M.D. Fla. Mar. 3, 2009)(the failure to investigate or present irrelevant evidence is not deficient performance).

The outcome of this claim is controlled by the United States Supreme Court decision of Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) which clarified the nature of review under 28 U.S.C. 2254(d).  Habeas relief from a state court judgment may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme
Court of the United States;  or
    (2) resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d).

In Williams, the United States Supreme Court rejected the "reasonable jurist" standard adopted by the Eleventh Circuit in Neelley v. Nagle, 138 F.3d 917 (11th Cir. 1998).  Instead the Williams Court determined that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411, 120 S.Ct at 1522.  The state court's application must also be unreasonable.  Id.

Therefore, §2254(d) requires the Court to make two types of judgments in the process of adjudicating legal issues; (1) the Court must decide whether there is a qualifying state court decision; and (2) if so, the application should not be granted with respect to the claim unless the state court decision was (a) contrary to, or involved an objectively unreasonable application of, a clearly established United States Supreme Court decision or (b) based on an unreasonable determination of the facts. See McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998).

There is no showing that the decisions herein were contrary to a United States Supreme Court opinion or that they involved an unreasonable application of Supreme Court precedent. Moreover, there was no unreasonable determination of the facts.

<u>APPENDIX</u>

The appendix is currently being collated and copied; it will be filed within 30 days.

WHEREFORE, based upon the arguments presented herein, Respondents respectfully request this Honorable Court deny all relief.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

s/ *Carmen F. Corrente*
CARMEN F. CORRENTE
ASSISTANT ATTORNEY GENERAL
Fla. Bar #304565
444 Seabreeze Boulevard
Fifth Floor
Daytona Beach, FL   32118
TEL: (386) 238-4990
FAX: (386) 238-4997

COUNSEL FOR RESPONDENTS

E-Mail:

CrimAppDAB@myfloridalegal.com
Carmen.Corrente@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response to petition and index to appendix in case number 6:19-cv-1296-Orl-40EJK has been electronically filed and served this date by using the CM/ECF system on Robert David Malove, counsel for Petitioner, 200 South Andrews Avenue, Suite 901, Ft. Lauderdale, FL  33301 this 26th day of December, 2019

s/ *Carmen F. Corrente*
CARMEN F. CORRENTE
ASSISTANT ATTORNEY GENERAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH LYNN HALLIDAY,

             Petitioner,

v.                               CASE NO.  6:19-cv-1296-Orl-40EJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

             Respondents.

_____/

APPENDIX

ASHLEY MOODY
ATTORNEY GENERAL

CARMEN F. CORRENTE
ASSISTANT ATTORNEY GENERAL
Fla. Bar #304565
444 Seabreeze Boulevard
Fifth Floor
Daytona Beach, FL   32118
FAX: (386) 238-4997
TEL: (386) 238-4990

COUNSEL FOR RESPONDENTS

## INDEX TO APPENDIX

| DOCUMENT | EXHIBIT |
|---|---|
| RECORD ON DIRECT APPEAL . . . . . . . . . . . . . . . . . . . . . | A |
| TRANSCRIPT OF TRIAL . . . . . . . . . . . . . . . . . . . . . . | B |
| INITIAL BRIEF ON DIRECT APPEAL. . . . . . . . . . . . . . . . | C |
| ANSWER BRIEF. . . . . . . . . . . . . . . . . . . . . . . . | D |
| REPLY BRIEF . . . . . . . . . . . . . . . . . . . . . . . . | E |
| 5TH DCA OPINION AND MANDATE  . . . . . . . . . . . . . . . . . | F |
| RECORD ON 3.850 APPEAL. . . . . . . . . . . . . . . . . . . . | G |
| INITIAL BRIEF ON 3.850 APPEAL . . . . . . . . . . . . . . . . | H |
| 5TH DCA PCA AND MANDATE  . . . . . . . . . . . . . . . . . . . | I |