UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando division)

JOSEPH LYNN HALLIDAY,
    *Petitioner*,

v.                                              Case No. 6:19-cv-1296-Orl-40EJK

SECRETARY, FLA. DEP'T OF
CORRECTIONS, *et. al.*,
    *Respondents*.
_____/

PETITIONER'S REPLY TO RESPONDENTS' RESPONSE TO
PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

    COMES NOW the Petitioner, JOSEPH LYNN HALLIDAY, by and through undersigned counsel and pursuant to Rule 5(e) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and replies to the Respondents' "Response to Petition" (Doc. 12) as follows:

    1. This cause is before the Court on Petitioner's petition for writ of habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254. The petition raises two substantive grounds for relief from the state judgment and sentence:

    I. Petitioner was denied the effective assistance of counsel guaranteed by the 6th and 14th Amendments to the United States Constitution, where counsel failed to object and move for a new child hearsay hearing when the child victim recanted during her trial testimony.

    II. Petitioner was denied the effective assistance of counsel guaranteed by the 6th and 14th Amendments to the United States Constitution, where counsel failed to discover and/or present evidence to suggest that coaching had occurred.

2. The Respondents filed a response (Doc. 12) on December 26, 2019. As to Ground One, Respondents first claim that this issue is procedurally barred. Respondents admit that, while "the basis for Ground 1 was raised on direct appeal… the ineffectiveness of counsel claim relating to that claim, raised in the 3.850 motion, was found procedurally barred. The bar stemmed from the fact that the underlying issue for which ineffectiveness was claimed had been raised on direct appeal." (Doc. 12 at 97).

3. Respondents overlook that this issue was fully and fairly litigated to the state court *as an ineffective assistance of counsel claim* on direct appeal. In the initial brief, appellate counsel for Petitioner raised three points on appeal. Point I argued "The trial court erred by denying the motion for acquittal where the only evidence of lewd and lascivious conduct was an out-of-court statement." (Doc. 13 at 1461). Point II argued "The trial court erred in admitting the alleged victim's out-of-court statements." (Doc. 13 at 1463). Appellate counsel explained that Point II actually consisted of two separate errors committed by the trial court. The first error was in admitting statements given during the CPT interview in which the victim "SH" described the rubbing and licking of her vagina. SH fully recanted those allegations at trial, and they became inadmissible as substantive evidence of guilt as to Count II of the information. (Doc. 13 at 1464). The second error was that the trial court failed

to reconsider its pretrial ruling that the entire CPT interview was sufficiently reliable to fall within the child hearsay rule once SH recanted at trial. (Doc. 13 at 1468).

4. As to Point III of the initial brief, appellate counsel hedged his arguments relating to Point II *by raising a claim of ineffective assistance of counsel*. Specifically, appellate counsel argued that, in the event the appellate court found the errors complained of in Point II to be unpreserved for purposes of direct appeal, then the court should consider trial counsel's failure to preserve any objections as ineffective assistance of counsel on the face of the record. (Doc. 13 at 1469). Appellate counsel argued there could be "no tactical reason for admitting the out-of-court statements," and while trial counsel made "references in closing to the recantation of the licking and touching [they] were limited to the sufficiency of the evidence supporting Count II." Appellate counsel explained that the issue, "would have been moot if the out-of-court statements had been properly excluded in the first place." (Doc. 13 at 1470).

5. The Fifth District Court of Appeal reversed, in part, Petitioner's direct appeal based on the argument presented in Point I of the initial brief - *i.e.* that the trial court erred by denying the motion for acquittal where the only evidence of lewd and lascivious molestation was the out-of-court statement. The court expressly opined that, "*Of the issues raised*, we find only one has merit." (Doc. 13 at 1422) (emphasis added). Nowhere in the court's written opinion did the court imply that it

declined to consider the merits of the ineffective assistance of counsel claim raised in Point III. (Doc. 13 at 1422-25).

6. When Petitioner re-raised the issue of counsel's ineffectiveness in his Rule 3.850 motion, the trial court denied the claim as already having been litigated on direct appeal. (Doc. 13 at 1403).

7. To properly exhaust state remedies, a petitioner must fairly present the issue to the state's highest court, *either on direct appeal or on collateral review*. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989). A petitioner need not seek state collateral relief on the same issue where the state court has ruled upon a claim on direct appeal to satisfy the exhaustion requirement. *Id.*, 489 U.S. at 350.

8. Here, Petitioner fully and fairly presented the ineffective assistance of counsel claim alleged in Ground One of the § 2254 petition to the highest state court in Point III of his direct appeal. When he attempted to re-raise the claim in the trial court in a Rule 3.850 motion, the claim was denied as having already been adjudicated on direct appeal. The Respondents' argument that Ground One should now be procedurally barred for failure to exhaust in state court is nothing more than catch 22 "gotcha" litigation and should be rejected accordingly.[1]

---

[1] It should be noted that, even if this Honorable Court were to determine that Ground One was unexhausted, the Court could still reach the merits of the claim. 28 U.S.C. § 2254(b)(2)("An

4

9. As to the merits of Ground One, Respondents argue that the erroneous admission of child hearsay evidence "is purely a matter of state law." (Doc. 12 at 98). Respondents maintain that "federal courts generally do not review a state trial court's admission of evidence," and that "relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." (Doc. 12 at 99).

10. Respectfully, Respondents miss the point. Petitioner is not seeking to have this Court review any evidentiary ruling that was made by the state court. The gravamen of Petitioner's claim is that his trial counsel rendered ineffective assistance, in violation of the 6th and 14th Amendments to the United States Constitution, *for failing to object* to the injection of certain evidence at jury trial.

11. Moreover, the underlying premise for the ineffective assistance of counsel claim is not solely a matter of state law. The United States Supreme Court has stated that the Confrontation Clause of the 6th Amendment creates a higher bar for the admission of hearsay evidence than do evidentiary rules alone. *Idaho v. Wright*, 497 U.S. 805, 814, 111 L. Ed. 2d 638, 110 S. Ct. 3139 (1990) ("The Confrontation Clause . . . bars the admission of some evidence that would otherwise be admissible under an exception to the hearsay rule"). The focus is on the trustworthiness and reliability of the out-of-court statement. *Id*.

---

application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

12. Here, Petitioner argues that the child victim recanted at trial, and therefore the out-of-court hearsay the prosecutor subsequently sought to introduce was unreliable and lacking trustworthiness. Reasonable trial counsel should have immediately asked the trial court to revisit its previous ruling on the admissibility of the child hearsay statements, and objected to any further hearsay being admitted. Counsel's failure to do so under the facts of this case amounts to ineffective assistance.[2]

13. As to Ground Two of the § 2254 petition, Respondents again argue that this is an evidentiary matter which is not subject to review in federal court. (Doc. 12 at 101). Yet, the basis of Ground Two is that trial counsel rendered ineffective assistance by *failing to conduct a reasonable investigation* into a defense theory of parental coaching by the child's mother (Kristine Silvernail).

14. Respondents assert that "there has never been any testimony or proof that the mother 'coached' the child as to what to say during the CPT interview. This claim is unsupported by any evidence." (Doc. 12 at 101).

15. In Ground Two, Petitioner alleged a plethora of evidence that trial counsel failed to discover which would have supported such a theory, including:

---

[2] Respondents attempt to classify counsel's failure to object to the admission of the CPT interview as part of a "strategy of the defense." (Doc. 12 at 100). However, Respondents have provided no affidavit or declaration from trial counsel indicating he strategically chose to permit introduction of the highly prejudicial CPT interview as part of some defense tactic.

1) A fifteen-page diary by Silvernail directed to S.H. - in the future - which slanders and villainizes Petitioner;

2) Medical records and Petitioner's testimony indicating that that S.H. was delivered prematurely because Silvernail was severely preeclamptic, *not* because Petitioner abused her, contrary to what she testified;

3) Silvernail lied about her sexual history and about the source of the chlamydia she gave to Petitioner at the beginning of the relationship;

4) Silvernail lied about her pregnancy status;

5) Silvernail lied about the paternity of her third child;

6) Silvernail committed identity fraud by obtaining a credit card in Mr. Halliday's name;

7) Silvernail misrepresented to the family court that Petitioner had left the state permanently and thereby obtained an award of full custody;

8) Silvernail misrepresented to the Department of Children and Family Services that Petitioner was responsible for an injury to T.H., which occurred while Petitioner was stationed overseas in Iraq;

9) Other incidents that were discovered and/or supported by evidence during the ongoing investigation of this case.

16. Petitioner requests an evidentiary hearing to fully develop this claim. A petitioner is entitled to an evidentiary hearing in a § 2254 proceeding if he was diligent in presenting the factual basis of their federal claims to state courts and where the factual allegations, if proven, would indicate that state court acted contrary to, or unreasonably applied, clearly established federal law when it rejected the claim. *Breedlove v. Moore*, 279 F.3d 952, 959-61 (11th Cir. 2002).

17. Here, the child victim admitted that Silvernail talked to her about what to say both before trial *and* before the CPT interview. Proof of the aforementioned evidence would undeniably establish that trial counsel performed deficiently to Petitioner's prejudice when he failed to investigate Silvernail's motive for coaching the child victim. This, in turn, would establish that the state court's denial of the claim resulted from an unreasonable application of *Strickland.*

## CONCLUSION

Contrary to Respondents' assertions, Petitioner's claims are fully exhausted and should be adjudicated on their merits. Petitioner acted diligently in presenting the factual basis his claims, but was never afforded a hearing in the state court. In accordance with Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Honorable Court should conduct an evidentiary hearing.

    Respectfully submitted,

    The Law Office of
    ROBERT DAVID MALOVE, P.A.
    200 S. Andrews Avenue, Suite 100
    Ft. Lauderdale, Florida 33301
    rdm@robertmalovelaw.com
    Telephone: (954) 861-0384

    By: */s/ Robert David Malove*
    Robert David Malove, Esq.
    FL Bar No.: 407283

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2020, this document was filed via this Court's CM/ECF filing system, and that all parties were effectively served thereby.

*/s/ Robert David Malove*
Robert David Malove, Esq.