UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH LYNN HALLIDAY,

        Petitioner,

v.                                                Case No: 6:19-cv-1296-Orl-40EJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Joseph Lynn Halliday's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by counsel pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 12) in compliance with this Court's instruction. Petitioner filed a Reply to the Response ("Reply," Doc. 15).

Petitioner asserts two grounds for relief. For the following reasons, the Petition is denied.

### I.    PROCEDURAL HISTORY

The State Attorney of the Eighteenth Judicial Circuit in and for Brevard County, Florida charged Petitioner with sexual battery upon a person less than twelve years of age (Count One), lewd or lascivious molestation of a person less than twelve years of age by a person more than eighteen years of age (Count Two), and providing obscene material to a minor (Count Three). (Doc. 13-10 at 33.) A jury convicted Petitioner of all

Page **1** of **11**

counts. (Doc. 13-11 at 79, 85-86.) The state court sentenced Petitioner to life in prison on Count One, a twenty-five-year term of imprisonment for Count Two, and to a five-year term of imprisonment for Count Three. (*Id.* at 38-41.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed Petitioner's convictions for Counts One and Three but reversed his conviction for Count Two and remanded for the trial court to enter a judgment of acquittal on that count. (Doc. 13-44 at 104-107.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. Nos. 13-47 at 11-15; 13-48 at 1-4.)  The state court denied the motion. (Doc. 13-48 at 7-10.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 13-52 at 41.)

## II.    LEGAL STANDARDS

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner must rebut the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

    **B.**    **Standard for Ineffective Assistance of Counsel**

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether

counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III.  ANALYSIS

#### A.  Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to object and move for a new child hearsay hearing when the victim recanted her prior allegations concerning Count Two at trial. (Doc. 1 at 29-34.) To support this ground, Petitioner notes that prior to trial, the court conducted a hearing concerning the child victim's statement to the child protection team ("CPT"). The trial court found the statement was admissible after viewing the video and other evidence, although noting there were some inconsistencies in the victim's CPT statement. *Id*. Petitioner argues that when the child testified at trial that Petitioner, her father, did not touch her "pee pee," contrary to her CPT statement, counsel should have objected to the admission of the CPT statement and requested a new hearing on the issue. (*Id*.)

Petitioner raised this ground on direct appeal and in his Rule 3.850 motion. (Doc. Nos. 13-44 at 64-66; 13-47 at 14-15.) The Fifth DCA determined the claim was without merit, and the Rule 3.850 court determined that the claim could not be relitigated, and alternatively, Petitioner failed to show prejudice. (Doc. Nos 13-44 at 104; 13-48 at 9.)

Prior to trial, the trial court conducted a hearing to determine whether the child victim's CPT statement was admissible under Florida law. (Doc. Nos. 13-1 at 19-32; 13-2 at 1-18; 13-3 at 1-16; 13-4 at 1-17; 13-5 at 1-25; 13-6 at 1-28; 13-7 at 1-35; 13-8 at 1-11.) The trial court heard testimony from the child's mother, the child protective investigator, and the CPT interviewer. (*Id*.) In addition, the court watched the child victim's CPT interview video. (*Id*.) In concluding that the child's CPT statement evidenced a sufficient indicia of

reliability and was admissible, the court reasoned that the interviewer did not improperly lead the child; the child demonstrated that she knew the difference between the truth and a lie; the child's statements were descriptive, age appropriate, and appeared unrehearsed; and her statements indicated she had knowledge about matters beyond the normal experience of a young child. (Doc. 13-8 at 1-9.)

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. On direct appeal, the Fifth DCA considered whether the trial court erred in admitting the child's CPT statement after she gave inconsistent trial testimony. (Doc. 13-44 at 54-64.) The Fifth DCA determined that this ground was not meritorious. (*Id.* at 104.)

Pursuant to Section 90.803(23) of the Florida Statutes, an out-of-court statement of a child victim is admissible at trial if the court finds in a hearing "that the time, content, and circumstances of the statement provide sufficient safeguards of reliability." Fla. Stat. § 90.803(23)(a)(1). To make this determination, courts "may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate[.]" *Id.*

In the instant case, although the child victim testified at trial that her father did not touch her "pee pee," contrary to her CPT statement, there was still sufficient indicia of reliability for the court to admit the statement. The child told her mother and an investigator that Petitioner made her lick his pee pee. Subsequently, the CPT interviewer spoke with the victim who made consistent statements.

The CPT interviewer did not unduly lead the child victim, and the child behaved as a child would throughout the interview, alternately playing, asking questions, and answering questions. The child, who was approximately four at the time of the offenses and five at the time of the CPT interview, indicated she knew the difference between the truth and a lie. She repeatedly stated that Petitioner made her lick his pee pee when in his bedroom while he sat in his desk chair. The victim described Petitioner's pee pee as hard but squishy, feeling like a balloon, and red in color and having a hole on top of it from which white stuff came out that went onto the floor. She further said that when she was in his bedroom, she watched a girl on her knees lick a boy's pee pee on Petitioner's computer. The child drew pictures depicting Petitioner's penis with a hole in it with stuff coming out of it and Petitioner's computer with a pornographic image on it. The child used verbiage indicative of her age to explain what happened and described sexual acts and functions outside the knowledge of a normal five-year old.

In addition, Petitioner's semen and DNA were recovered from his desk chair and the carpet near his desk, consistent with the child's CPT statement. Finally, the inconsistencies in the child's trial testimony and CPT statement could be attributed to her age at the time of the offenses, coupled with the fact that she testified at trial approximately a year and a half after she made her CPT statement and two years after the offenses occurred and she did so in a courtroom in the presence of many more people than a single CPT interviewer. In sum, Petitioner has not demonstrated that counsel was deficient for failing to object or request a new hearing concerning the admission of the

victim's CPT statement or that prejudice resulted from counsel's failure to do so. Accordingly, ground one is denied pursuant to § 2254(d).

### B.     Ground Two

Petitioner contends counsel rendered ineffective assistance by failing to investigate and/or present evidence to suggest that the victim's mother, Kristine Silvernail ("Silvernail"), had coached the victim. (Doc. 1 at 34-38.) Specifically, Petitioner maintains counsel should have presented the following:

1) A fifteen-page diary by Silvernail directed to S.H. - in the future - which slanders and villainizes Petitioner;

2) Medical records and Petitioner's testimony indicating that that [sic] S.H. was delivered prematurely because Silvernail was severely preeclamptic, *not* because Petitioner abused her, contrary to what she testified;[2]

3) Silvernail lied about her sexual history and about the source of the chlamydia she gave to Petitioner at the beginning of the relationship;

4) Silvernail lied about her pregnancy status;

5) Silvernail lied about the paternity of her third child;

6) Silvernail committed identity fraud by obtaining a credit card in Mr. Halliday's name;

7) Silvernail misrepresented to the family court that Petitioner had left the state permanently and thereby obtained an award of full custody;

8) Silvernail misrepresented to the Department of Children and Family Services that Petitioner was responsible for an injury to T.H., which occurred while Petitioner was stationed overseas in Iraq; [and]

---

[2] The Court notes that it was unable to locate any trial testimony from Silvernail indicating she was abused by Petitioner or concerning the circumstances surrounding the victim's birth.

9) Other incidents that were discovered and/or supported by evidence during the ongoing investigation of this case.

(*Id.* at 37.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-48 at 8-10.) The state court reasoned that none of the purported evidence was relevant and likely would have been inadmissible. (*Id.* at 10.)

Petitioner has not demonstrated that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. Petitioner has not established that any of the aforementioned evidence is relevant or demonstrates that Silvernail coached the victim. Moreover, counsel questioned Silvernail extensively at trial about her and Petitioner's custody disputes since their divorce to demonstrate she had a motive to suborn the victim's allegations. Consequently, counsel was not deficient for failing to discover and present this evidence, and a reasonable probability does not exist that the outcome of the trial would have been different had counsel done so. Accordingly, ground two is denied pursuant to § 2254(d).

### V. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition

on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record